## Case No. 9,446.

MERCHANTS' NAT. BANK v. NATIONAL BANK OF COMMERCE.

[7 Am. Law Rev. 572.]

Circuit Court, D. Massachusetts. April, 1873.

BILLS OF LADING — ACCEPTANCE—SURRENDER BY BANK—LIABILITY.

At law.

Before SHEPLEY, Circuit Judge, and a jury.

This was an action against the defendants for negligence on surrendering upon acceptance, instead of holding for payment, three bills of lading, two of them attached to two thirty-day drafts, drawn by James H. Mulford, of Memphis, upon Green & Travis, of Boston, and one to a sight draft, drawn by S. M. Anderson & Co., upon the same parties, in June, 1870.

The plaintiffs offered evidence to show the drafts were drawn against cotton sold by the drawers of the drafts, and shipped to Messrs. Green & Travis; that the drafts were discounted by the plaintiff bank, and the railroad receipts attached to the drafts; that the plaintiff bank forwarded the drafts, with bills of lading attached, to their correspondent bank in New York (the Metropolitan National Bank); and that the Metropolitan National Bank forwarded the same to the defendant bank for acceptance and payment; that the defendant bank presented the drafts to Green & Travis for acceptance, and upon acceptance, delivered to them the bills of lading; and that Messrs. Green & Travis failed soon after (June 29, 1870), leaving the drafts unpaid. The defendants claimed that the bills of lading were attached to the drafts to secure their acceptance, and not their payment; and that, in the absence of instructions to hold for payment, the defendants were authorized to surrender the bills of lading upon acceptance. They also offered evidence to show that there was an agreement between Green & Travis and the parties of whom they purchased the cotton (Mulford & Anderson) that the bills of lading should be surrendered upon acceptance, and claimed that the plaintiff bank were bound by this agreement. It appeared that there were no instructions given to the defendants either by the plaintiff bank or the Metropolitan National Bank of New York concerning the drafts in question; but the defendants proved that instructions were given to them to hold one bill of lading attached to a large draft in December, 1869, and that this was the only instruction given.

THE COURT ruled, that in the absence of instructions or consent expressed or implied by the plaintiff bank, the defendants were not authorized to surrender the bills of lading upon acceptance of the drafts by Green & Travis, but should have held them for payment; that the agreement of the vendors of the cotton and drawers of the drafts (Mulford & Anderson) that the bills of lading should be delivered up upon acceptance of the drafts would not be obligatory upon the plaintiff bank unless they were informed of it, and directed the jury to find upon and answer two questions: First, whether there was an agreement between Green & Travis and Mulford & Anderson that the bills of lading should be surrendered upon their acceptance; second, whether this was known to the plaintiff bank.

The jury found, under the instructions of the court, a general verdict for the plaintiff for the value of the cotton surrendered, and found also that there was an agreement with Green & Travis by Mulford & Anderson for the surrender of the bills of lading upon acceptance of the drafts, but that the agreement was not known to the plaintiff bank.